IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jan M. Pheneger,                                          Case No. 3:06CV00821

        Plaintiff

   v.                                                          ORDER

City of Lima, Ohio, et al.,

        Defendant

      Plaintiff, claiming to have been injured during an arrest by Lima, Ohio, police officers, has sued the officers, the City, and its Police Department. Pending is defendants' motion for partial dismissal of plaintiffs': 1) civil rights conspiracy claim under 42 U.S.C. § 1985(3); 2) claim for punitive damages against the City; and 3) allegations against the Lima Police Department.

      Plaintiff abjures any claim for punitive damages against the City. The motion to dismiss is, therefore, moot as to any such [not pursued] claim.

      As to the motion to dismiss the claims against the Lima Police Department, the motion shall be granted. The Department is a sub-entity of the defendant City, and not independently amenable to suit. *See, e.g., Edmunds v. Dillon*, 485 F. Supp. 722, 724 (N.D. Ohio 1980) (City of Cleveland Police Department not subject to suit).

Defendants seek dismissal of the § 1985(3) claims on alternate grounds:: 1) no conspiracy could have existed because all defendants are part of the same entity, the City of Lima; and 2) plaintiff has not alleged class-based animus [a contention first raised in the defendants' reply brief].

As a general rule, a corporation and its agents cannot conspire because it and such agents are, in law, a single "person." *See, e.g., Dogherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). This rule has been applied to municipal corporations. *See Garza v. City of Omaha*, 814 F.3d 553, 556-57 (8th Cir. 1987).

In response to this contention, plaintiff argues that a conspiracy can exist where the corporate entity's employees are alleged to have acted outside the scope of their employment. *See generally Johnson v. Hills & Dales General Hospital*, 40 F.3d 837 (6th Cir. 1994).

Defendants counter this contention by pointing out that the plaintiff's complaint asserts that the defendant officers were acting in furtherance of customs and policies of the City. Plaintiff does so, of course, to avoid the doctrine of *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), that a municipality cannot be held liable for the acts of its employees on a *respondeat superior* theory.

Plaintiff may, however, be able to plead in the alternative: i.e., she can allege that the defendants were furthering a municipal policy [i.e., acting within the scope of their employment, and thus incapable of conspiring under *Dogherty*], and, in another count, she can also allege, in the alternative, that the officers were acting outside the scope of their employment, and thus able to conspire with each other individually, though not with the City. This would avoid the *Dougherty* problem, while potentially raising the *Monell* barrier to recovery from the City.

Plaintiff also should make clear, as she presently has not, that her conspiracy claim is also ground in a contention of class-based animus, and such animus should be plead specifically [if she believes she has grounds for doing so].

Plaintiff shall be granted leave to file an amended complaint, in which she, if she chooses to do so, may allege class-based animus and plead her claim of conspiracy solely against the officers on the basis of actions outside the scope of their employment. Such contention may be in the alternative vis-a-vis her present claim that the officers were acting in furtherance of municipal policy.

By granting such leave, I do not intend to deprive the defendants of the ability to seek to dismiss claims, as replead, on the basis either of insufficiency of the class-based animus contentions or impropriety [if defendants believe such exists] of pleading in the alternative as described herein.

To keep matters otherwise procedurally tidy, defendants' presently pending motion to dismiss the conspiracy claim shall be overruled, without prejudice to their right to file a renewed motion to dismiss after the amended complaint is filed, if such occurs. This seems more sensible than granting the motion to dismiss the conspiracy claim as presently plead, albeit without prejudice to the right to reformulate conspiracy claim and thereon to file an amended complaint.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Defendants' motion to dismiss be, and the same hereby is granted with regard to claims asserted against the Lima Police Department;

2. Plaintiff having abjure any claim for punitive damages against the City of Lima, motion to dismiss such claim be, and the same hereby is overruled as moot, without prejudice; and

3. Leave be, and the same hereby is granted *sua sponte* to plaintiff to file an amended complaint on or before July 31, 2006;

4. Defendants' motion to dismiss otherwise dismissed, without prejudice to file a renewed motion to dismiss, if they desire to do so, on or before September 1, 2006; if such motion is

filed, plaintiff shall respond on or before September 20, 2006; defendants shall reply on or before October 1, 2006.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge